## PULLMAN CO. v. MURRAY et al.

No. 25770.     April 9, 1935.

George A. Kelly, F. A. Malone, Charles S. Williston, and Rainey, Flynn, Green & Anderson, for plaintiff in error.

J. Berry King, Fred Hansen, C. W. King, L. G. Harries, and A. L. Kerr, for defendants in error.

BAYLESS, J.   The Pullman Company, a corporation, appeals from the action of the State Board of Equalization in the matter of the assessed value of the company's property in the state of Oklahoma.

The company made a return to the Oklahoma Tax Commission (as the successor to the State Auditor) as provided by sec. 12407, O. S. 1931, and later at the request of the Commission made a supplemental return. The Commission thereupon furnished certain information to the State Board of Equalization, and that board gave the company notice that the company's property would be assessed for ad valorem taxation in Oklahoma

at the value of $573,578.   Thereupon the company filed a complaint with the State Board of Equalization, charging:   (1) That said sum of $573,578 exceeded the full, actual, fair cash value of its property taxable in Oklahoma; and (2) that property generally throughout the state of Oklahoma is customarily, systematically, and intentionally assessed at not to exceed 60 per cent. of its actual and fair cash value, whereas the company's property is always assessed at and in excess of its actual and fair cash value, and is therefore discriminated against. The company requested a hearing upon this complaint.

The second contention of the company will be disposed of at once.   There is no evidence in the record to support this contention.

At the hearing upon the complaint filed, the company introduced in evidence nine written exhibits touching upon the amount, character, and value of its property, and other supplementary reports, and the testimony of two of its officials to explain these written exhibits.   The Oklahoma Tax Commission introduced the testimony of one of its departmental chiefs.   At the conclusion of the giving of testimony, the State Board of Equalization denied or overruled the company's complaint and set the assessed value of the company's property for ad valorem tax purposes in Oklahoma at the figure above stated

The company contends that not only is there no evidence in the record to sustain the findings of the Board of Equalization, but that the record contains positive evidence that the formula prescribed by sec. 12407, O. S. 1931, was not used, but that another formula not prescribed by statute was actually used.

The witness for the Oklahoma Tax Commission testified that the figure of $573,578 recommended to the State Board of Equalization by the Oklahoma Tax Commission, and later adopted by the State Board of Equalization, was arrived at in the following manner:   The number of miles of railroad track over which the company operated in Oklahoma (2,224.55) was multiplied by $257.84, "the assessed valuation per mile last year" (that is, 1933).   This evidence is positive, it is not contradicted, and is borne out by mathematical calculation.   No further evidence is needed to show that the assessed valuation complained of was erroneously arrived at, and is therefore illegal.

The formula prescribed by sec. 12407, sup-

ra, is the only formula which can be used. It is clear and understandable in every respect, save one, which under the evidence in this record is not entirely clear according to the contentions of the Oklahoma Tax Commission. The return and the supplemental return filed by the company furnished information upon all of the factors in the formula to be taken into consideration in arriving at the assessed value in 1934, and there is no need to use any 1933 factor in arriving at the 1934 valuation. If the 1933 and 1934 information should chance to be the same, the coincidence would not deprive the 1934 information of its independent standing. The number of miles of railroad track in Oklahoma is not made a factor to be used in arriving at the assessed valuation of sleeping car company's property, under sec. 12407, supra. This information may be material in the allocation of the taxes assessed and to be collected, but it is not material in the assessment.

The factor in the formula prescribed by statute about which the Oklahoma Tax Commission and the company disagreed relates to the information to be furnished showing the number of cars owned by the company. The statute required the company to report the total number of cars owned by it and the total value. The company reported that it owned 8,938 cars of all classes, but alleged that only 4,121 of these cars were operated during the period in which the aggregate number of miles traveled by its cars was accumulated, and protested against considering, for the purpose of assessing values for ad valorem taxation, those cars owned by it but not used in accumulat'ng the aggregate of miles traveled. The company's evidence showed that these cars were idle and were located outside the state of Oklahoma. It is not clear from the record whether the board took these idle, foreign cars in consideration, but in its argument it admits that Oklahoma has no power to tax on an ad valorem basis cars located wholly without the state of Oklahoma. It is not contended that Oklahoma may not tax that number of the cars owned by the company and allocable to Oklahoma by reason of use therein. Because these cars are constantly traveling, some perhaps always in Oklahoma; some perhaps never in Oklahoma; and others sometimes in, sometimes out, and in varying aggregates of time, it became necessary for the state to adopt a formula for ad valorem taxation which would reasonably approximate the number of such cars properly taxable in Oklahoma. Hence the formula prescribed in sec. 12407, supra. No attack is made on the reasonableness of that formula herein. The requirement of a report of the total number of cars "owned" must be construed in the light of the purpose sought to be effectuated by the act. Because all of the other information required to be given indicates a purpose to arrive at the average number of cars taxable upon the basis of "use," we feel that the term "owned" must be taken and applied as though the term was "owned and used". In this manner the number of cars "owned and used" divided into the aggregate of miles traveled everywhere will give the average number of miles traveled per car annually, and this figure divided into the aggregate number of miles traveled by the company's cars in Oklahoma during said fiscal period will give the average number of cars properly taxable in Oklahoma on an ad valorem basis.

The statute requires the board to determine the value of the cars of the company, but prescribes no particular formula for ascertaining this value. There are several approved formulas for determining values used by boards in taxation, rate-making, etc. This court is not concerned with the formula used to ascertain this value so long as the legal and constitutional requirements are observed and constitutional limitations are not transgressed. Los Angeles, etc., Corp. v. Railroad Commission of California, 289 U. S. 287, 77 L. Ed. 1180.

The board contends that the evidence in the record is sufficient to support its assessment at the figure above stated, but it does not attempt to show us in what respect the formula prescribed produces the result it arrived at. We are unable to apply the information furnished to the formula prescribed by statute and prove the board's figure.

The board further contends that, being an assessing board, it does not have to confine itself to the evidence introduced before it, but may draw upon and base its conclusions upon any independent knowledge or experience it may possess or other evidence coming to its attention, whether it be shown at the hearing or known of by the complainants. The board contends that we must presume that its finding and conclusion of assessed valuation is supported by proper evidence, although such evidence may not be known or suspected by anyone else or shown in the record. We cannot agree with this con-

tention. If the company or anyone similarly situated makes the required report and the board assesses said property without complaint being made thereafter and appeal taken therefrom, said assessment becomes final and presumptions in favor of its correctness and conformity with the statutory formula will be indulged; but, when the proposed assessment is challenged and a hearing thereon is had, the record of the hearing, for the purposes of appeal, must contain all of the evidence considered by the board in arriving at the assessed value. The return of the company is not conclusive upon the Oklahoma Tax Commission, and at a hearing involving the return, evidence may be brought forward to controvert statements contained in the return. But the conclusion or finding of assessed value of the board must be supported by some competent evidence introduced at the hearing, as applied by the board to the statutory formula.

The finding of the assessed value for ad valorem taxing purposes in Oklahoma of the property of the Pullman Company made by the State Board of Equalization as shown in the record is hereby held invalid and is vacated and the matter is remanded to the State Board of Equalization for further proceedings not inconsistent with the views expressed herein.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.